UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03570-SVW-MAA | Date | July 18, 2024 |
|---|---|---|---|
| Title | *Christopher Kohrs v. Swift Transportation Co. of Arizona, LLC et al* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**      IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [12]

## I.      Introduction

Before the Court is a motion to remand the action back to state court. Dkt. 12. For the following reasons, the motion is GRANTED.

## II.      Factual and Procedural Background

Plaintiff Christopher Kohrs ("Plaintiff") filed this lawsuit against defendant Swift Transportation Co. of Arizona, LLC ("Defendant" or "Swift") and doe defendants who work at Swift (collectively, "Defendants"), in Los Angeles Superior Court on November 27, 2023. Dkt. 1, ¶ 5. Plaintiff alleged a class action with eight causes of action against Defendants, namely: failure to provide rest breaks, failure to provide meal breaks, failure to pay minimum wages, failure to pay all wages upon separation, failure to furnish timely and accurate wage statements, failure to reimburse business expenses, violation of California's Unfair Competition Act, and Private Attorneys General Act ("PAGA") penalties. Dkt. 1-1, at 1. Defendants removed the case on April 30, 2024. Dkt. 1. Plaintiff filed this motion to remand on May 30, 2024. Dkt. 12.

Plaintiff is a citizen of California. Dkt. 1, ¶¶ 22–23. Swift is a citizen of Delaware and Arizona. *Id.* ¶¶ 24–32. Plaintiff worked as a truck driver for Defendant from August 2022 through August 2023. Dkt. 1-1, ¶ 8. The putative class includes all drivers employed by Defendant in California from 2019 to the present, which the complaint alleges as exceeding several hundred persons. *Id.* ¶¶ 17–19. The

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03570-SVW-MAA | Date | July 18, 2024 |
|---|---|---|---|
| Title | *Christopher Kohrs v. Swift Transportation Co. of Arizona, LLC et al* | | |

complaint alleges that Defendant induced Plaintiff and other Class Members to enroll in its training program, charged them a $9,000 fee that would be forgiven after a year of work, and then fired Plaintiff and other class members before the year was up to avoid forgiving the $9,000 debt. *Id*. ¶¶ 9–10. The complaint includes reimbursement for this fee in the prayer for relief. *Id*. ¶ H. All other allegations and causes of action come without specific dollar numbers.

Defendants argue that removal is proper under the Class Action Fairness Act pursuant to 28 U.S.C. § 1332(d). Dkt. 1, ¶ 2. Defendant's investigation of its own records shows over 4,000 class members and an aggregate of over 200,000 workweeks. *Id*. ¶¶ 41–43. Defendant calculated nearly $50 million for the amount in controversy based only on minimum wages, meal and rest breaks, waiting time penalties, and attorneys' fees. *Id*. ¶ 66. Defendant does not address the amount in controversy for the reimbursement of the $9,000 training fee.

On December 13, 2023, Judge Berle, of the Los Angeles Superior Court, ordered a Joint Initial Status Conference Statement to be submitted by February 16, 2024. Dkt. 1-10. The order required an estimate of the class's estimated size. Dkt. 12-1 at 33. Defendants submitted a statement on February 23, 2024, indicating that investigation and discovery regarding the estimated class size were ongoing without providing an estimate. *Id*. at 44.

On March 22, 2024, Defendant responded to Plaintiff's initial discovery requests, which included questions regarding estimated class size. *Id*. at 59, 62–63. In its response, Defendant claimed it performed a diligent search of records that it believed would contain the information sought, but also that its investigation, discovery, and evaluation of the matter were ongoing. *Id*. at 60. Defendant objected to every single question in the initial discovery requests, including requests for the total number of currently and formerly employed drivers who reside in California. *Id*. at 60–62.

Defendant filed the notice of removal on April 30, 2024. Dkt. 1.

### III.    Legal Standard

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Unless otherwise limited, "any civil action brought in a State court of which the district courts of

_____ :  _____
Initials of Preparer        PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-03570-SVW-MAA | Date | July 18, 2024 |
|---|---|---|---|
| Title | *Christopher Kohrs v. Swift Transportation Co. of Arizona, LLC et al* | | |

the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

Federal courts also have original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). 28 U.S.C. §1332(d). CAFA gives federal courts jurisdiction over certain class actions, defined in § 1332(d)(1), if the class has more than 100 members, any class member is a citizen of a state different from any defendant, and the amount in controversy exceeds $5 million. 28 U.S.C. §1332(d)(2), (5)(B).

"Through CAFA, Congress broadened federal diversity jurisdiction over class actions . . .." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Thus, "CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (cleaned up). However, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (*per curiam*) (noting that Congress passed CAFA in the context of a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").

The mechanics and requirements for removal are governed by 28 U.S.C. § 1446. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). Section 1446(b) "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id.* (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting § 1446(b)). 28 U.S.C. § 1446 also governs the removal of class actions. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446.").

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03570-SVW-MAA | Date | July 18, 2024 |
|---|---|---|---|
| Title | *Christopher Kohrs v. Swift Transportation Co. of Arizona, LLC et al* | | |

**IV. Discussion**

**A. There is Original Jurisdiction Under CAFA**

None of Plaintiff's claims arise under federal law. Thus, there is no federal question jurisdiction under 28 U.S.C. § 1331.

Defendant removed the case based on 28 U.S.C. § 1332(d), the Class Action Fairness Act. Defendant has shown minimal diversity. Based on Defendant's employment records, Plaintiff resides in California and is therefore likely a citizen of California. Dkt. 1, ¶¶ 22–23. The putative class of current and California drivers also likely includes California citizens. *Id.* Defendant is a limited liability company with citizenship in Delaware and Arizona. *Id.* ¶¶ 24–30. Thus, a "member of a class of plaintiffs is a citizen of a State different from [a] defendant" under 28 U.S.C. § 1332(d)(2)(A).

Defendant also showed the aggregate amount in controversy for all class members exceeded $5,000,000. Defendant determined, based on its records, that the putative class of California drivers from November 27, 2019, to the present is comprised of at least 4,000 drivers who worked an aggregate 200,000 workweeks. *Id.* ¶¶ 42–43. Plaintiff's claim for the $9,000 training fee reimbursement multiplied by 4,000 class members results in an amount in controversy of $36,000,000, satisfying the amount in controversy requirement without accounting for Plaintiff's other claims. Curiously, in Defendant's notice of removal, much effort is spent calculating the potential amount in controversy for unspecified claims for minimum wage, meal and rest breaks, waiting time penalties, and attorneys' fees, without taking note of the only affirmative dollar number mentioned in the complaint. *Id.* ¶¶ 44–69.

**B. However, Defendant Removed the Case Too Late**

Although the case could be removed because this court possesses original jurisdiction under CAFA, we find that Defendant's notice of removal was untimely.

Specifically, Defendant ran afoul of the first thirty-day removal period under 28 U.S.C. § 1446(b), which is triggered if the case stated by the initial pleading is removable on its face. The statute does not define "removable." *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03570-SVW-MAA | | Date | July 18, 2024 |
|---|---|---|---|---|
| Title | *Christopher Kohrs v. Swift Transportation Co. of Arizona, LLC et al* | | | |

2006). Although every complaint is either capable of being removed or not, for the purpose of assessing timeliness, some pleadings are "indeterminate" in the sense that the face of the complaint does not make clear whether the required jurisdictional elements are present. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005). To avoid saddling defendants with the burden of investigating jurisdictional facts, the Ninth Circuit has held that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id.* at 695. "Removals invoking CAFA jurisdiction are equally subject to this rule." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

For instance, the plaintiff in *Kuxhausen* pleaded her own amount in controversy and estimated the number of class members, but failed to state or estimate the amount in controversy for each class member. 707 F.3d at 1140–41. Although Kuxhausen sought rescission of vehicle installment sale contracts entered into by all class members, she failed to give any indication of the value of other class members' contracts. *Id.* at 1138, 1140–41. The court found that the grounds for removal were not affirmatively stated in the complaint because it neither alleged nor provided an estimate of the amount demanded by each putative class member. *Id.* at 1140–41. Thus, the court rejected the argument that the defendant should have consulted its business records to calculate an average amount in controversy per class member. *Id.*

Although a defendant is not required to independently investigate jurisdictional facts, the Ninth Circuit also held in *Kuxhausen* that defendants are required to use a "reasonable amount of intelligence in ascertaining removability," including a duty of "[m]ultiplying figures" in a complaint. 707 F.3d at 1140. In *Chi-Fu Hsueh v. Bankers Life & Cas. Co.*, the defendant ran "afoul of the second thirty-day deadline because removability could be ascertained from [a] class certification order without an investigation." 421 F. Supp. 3d 937, 942 (S.D. Cal. 2019). There, the parties had previously established an average claim amount per putative class member, and the class certification order provided a new class number. *Id.* The court reasoned that a reasonable amount of intelligence could be used to multiply those two numbers together to ascertain removability. *Id.*

Further, "removability is not determined 'through subjective knowledge' but an 'objective analysis of the pleadings.'" *Wagener v. Hillstone Rest. Grp., Inc.*, No. SACV2201302CJCDFMX, 2022 WL 4079260, at *2 (C.D. Cal. Sept. 6, 2022) (quoting *Harris*, 425 F.3d at 694, 697). Thus, where an employer can objectively ascertain removability from the information in a complaint without

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03570-SVW-MAA | Date | July 18, 2024 |
|---|---|---|---|
| Title | *Christopher Kohrs v. Swift Transportation Co. of Arizona, LLC et al* | | |

investigation, the 30-day deadline is triggered. For instance, in *Rodriguez v. Boeing Co.*, the plaintiff's complaint failed to plead his specific salary in a request for back pay and lost wages. No. CV 14-04265-RSWL, 2014 WL 3818108, at *5 (C.D. Cal. Aug. 1, 2014). Nevertheless, the court found that the deadline was triggered because "as a long-time employer of Plaintiff and aware of Plaintiff's position, Defendant should have known the approximate amount Plaintiff made each year." *Id.* Thus, it should have been "facially apparent that back-pay damages alone would come close to the jurisdictional minimum." *Id.*; *see also Carter v. Mae*, No. SACV 14-01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014) (finding that because a plaintiff pled her occupation title and termination date, the complaint contained "sufficient facts through which [the defendant], [the plaintiff's] employer of over two years, could intelligently ascertain that her claims exceeded $75,000.").

As noted earlier, the burden is on defendant to establish that the case is removable on CAFA grounds and, "in evaluating whether a removing defendant has met its burden, it is proper for courts to consider which party has access to or control over the records and information required to determine whether the amount in controversy requirement is met." *Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1128 (C.D. Cal. 2016); *see also Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("In the course of [CAFA removal] evaluation, a federal court may consider which party has better access to the relevant information."). Since a defendant in a class action employment case possesses the information (i.e., number of employees) that a plaintiff needs to determine the amount in controversy, such a defendant can reasonably be charged with knowing the approximate number of persons it employs.

Here, Plaintiff's complaint specifically claims a $9,000 training fee *on behalf of all class members*. Dkt. 1-1, ¶¶ 9–10, 14, 20(e), 63, H. Thus, without even considering any of Plaintiff's other claims, the complaint alleges at least $9,000 for each class member. Defendant can therefore be charged with using this minimum claim amount in making reasonably intelligent multiplications. Indeed, Defendant instantly knows from the face of the complaint that if the class includes more than 555 people, the amount in controversy exceeds $5,000,000 and the case is removable (5,000,000 ÷ 9,000 = 555.6).

Next, although the complaint does not state the exact class size, it provides an estimate that it "exceed[s] several hundred persons." *Id.* ¶¶ 17–19. The complaint also defines the class as "[a]ll current or former California drivers employed by Defendant at any time beginning four (4) years prior to the

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-03570-SVW-MAA | | Date | July 18, 2024 |
|---|---|---|---|---|
| Title | *Christopher Kohrs v. Swift Transportation Co. of Arizona, LLC et al* | | | |

filing of the Complaint through the date notice is mailed to the Class." *Id.* ¶ 17. As an employer, Defendant can reasonably be expected to know roughly how many California drivers it employed over the past four years without investigating or examining its internal business records. *Cf. Kuxhausen*, 707 F.3d at 1140–41 (rejecting the argument that the defendant "should have consulted its business records to identify a representative valuation" for the average value of all class members' claims). After all, Swift is a trucking and transportation company, so drivers are its core employees. *See* Dkt. 1-1, ¶ 8. This is an even lighter expectation than what *Rodriguez* and *Carter* charged defendants with: knowing an individual employee's approximate salary. Defendant may not be instantly sure of the number of drivers down to the exact individual, but where the actual number turns out to be over 4,000, a reasonably intelligent employer should know that the number of "current or former California drivers" is more than 555. This is especially true because the face of the complaint stated that the number of class members "exceed[s] several hundred persons." Dkt. 1-1, ¶ 19. An objective analysis of this pleading, using a reasonable amount of intelligence, gave Swift enough information to realize that the class was greater than 555 persons, consistent with the statement "exceed[s] several hundred persons. *Cf. Kuxhausen*, 707 F.3d at 1140–41 (finding that the complaint did not give Defendant enough information to remove because it did not provide an approximation, or any indication for that matter, of the amount demanded by each class member).

Like in *Chi-Fu Hsueh*, where the parties had an exact number of class members and an average claim amount, Defendant here had an exact minimum claim amount and an estimate of the number of class members—based on what Defendant should have reasonably known and the statement "exceed several hundred persons." Thus, the complaint gave Defendant sufficient information to ascertain removability.

**V.    Conclusion**

For the reasons given above. Plaintiff's motion to remand is GRANTED. The case is REMANDED.

**IT IS SO ORDERED.**

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC |  |